

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-16-2009

# USA v. Hernandez

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2195

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Hernandez" (2009). *2009 Decisions.* Paper 2019.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/2019

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

Nos. 07-2195; 2260; 2205; 2335

_____

UNITED STATES OF AMERICA

v.

WILLIAM HERNANDEZ, a/k/a WILLIAM MORENO
WILLIAM BROWN, LAWRENCE JOHNSON
and RASHEEN MINES,

Appellants

_____

On Appeal from the United States District Court
for the District of New Jersey
(D. C. No. 06-cr-00126-2; 06-cr-00126-1;
06-cr-00126-3; 06-cr-00126-4)
District Judge:  Jerome B. Simandle

_____

Submitted under Third Circuit LAR 34.1(a)
on December 11, 2008

Before:  McKEE, SMITH and ROTH, Circuit Judges

(Opinion filed: January 16, 2009)

**ROTH,** Circuit Judge:

William Hernandez, Lawrence Johnson, William Brown, and Rasheen Mines appeal, collectively, fifteen issues arising from their convictions. For the reasons discussed below, we will affirm.

## I. **Background and Procedural History**

Because the facts are well known to the parties, we will discuss them only briefly.

On December 26, 2005, Hernandez, Johnson, Brown, and Mines (defendants) invaded the Argonts' family home in Erial, New Jersey. They stole belongings from the home and then led police on a high-speed chase from New Jersey to Pennsylvania.

On September 27, 2006, a grand jury in New Jersey returned a nine-count indictment against defendants. Counts One and Two charged them with conspiracy to interfere with commerce by threats of violence in violation of 18 U.S.C. §§ 1951(a), (b)(1), and (b)(3). Counts Three and Four charged them with interstate and foreign travel or transportation in aid of racketeering enterprise in violation of 18 U.S.C. §§ 1952(a)(2), (a)(3)(B), (b), and (2). Count Five charged them with carrying, brandishing, and using a firearm and aiding and abetting the same in connection with a crime of violence—Counts One through Four. Counts Six, Seven, Eight, and Nine charged each defendant respectively with being a felon in

possession of two firearms in violation of 18 U.S.C. § 922(g)(1).

On November 20, 2006, a jury found the following: (1) all four defendants guilty of Counts One through Five, (2) Brown, Johnson, and Mines guilty of Counts Six, Eight, and Nine, respectively, and (3) Hernandez not guilty of Count Seven. The District Court sentenced Brown, Hernandez, and Mines to 480 months' imprisonment and Johnson to 424 months' imprisonment.

## II. Analysis

The District Court exercised jurisdiction over this federal criminal prosecution under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291. We will address appellants' arguments in turn.

### A. William Hernandez

Hernandez's first argument is that the District Court erred by allowing cellular-phone records into evidence under Federal Rule of Evidence 401. We review evidentiary rulings for abuse of discretion. *See, e.g.*, *United States v. Gibbs*, 190 F.3d 188, 217 (3d Cir. 1999). Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401.

Here, the District Court did not abuse its discretion by admitting the records because they were probative of Hernandez's connection to and participation in the offense. Specifically, the records (1) provided evidence of Hernandez's efforts to plan the offense and

3

(2) provided evidence of Hernandez's presence at the offense and efforts with his co-defendants to execute the offense.

Hernandez next argues that this Court should reverse his Hobbs Act conviction because insufficient evidence existed to prove that the robbery had a substantial impact on interstate commerce. We exercise plenary review over challenges to the sufficiency of the evidence. *E.g.*, *United States v. Taftsiou*, 144 F.3d 287, 290 (3d Cir. 1998). We determine whether the trial evidence, which is viewed in the light most favorable to the government, would allow a rational trier of fact to convict. *See, e.g.*, *United States v. Hart*, 273 F.3d 363, 371 (3d Cir. 2001). We have held that to satisfy the Hobbs Act's jurisdictional requirement only a "*de minimis* effect on commerce is sufficient." *United States v. Clausen*, 328 F.3d 708, 710 (3d Cir. 2003). The government must thus show that "the defendants' conduct produce[d] any interference with or effect upon interstate commerce, whether slight, subtle or even potential . . .." *United States v. Haywood,* 363 F.3d 200, 210 (3d Cir. 2004) (internal quotation omitted).

Hernandez's argument fails because the evidence would allow a rationale trier of fact to find the required *de minimis* effect on interstate commerce. Specifically, the evidence showed that the defendants used interstate channels of commerce to commit the robbery, including interstate highways (from Pennsylvania to New Jersey and back) and interstate cellular-phone networks. *See United States v. Carcione*, 272 F.3d 1297, 1301 (11th Cir. 2001).

4

Hernandez finally argues that, if Counts One and Two (the Hobbs Act Counts) do not give rise to federal jurisdiction, then the violation of 18 U.S.C. § 924(c), which is contained in Count Five, must be dismissed. 18 U.S.C. § 924(c) penalizes carrying or brandishing a weapon during the commission of a crime of violence or drug trafficking. *See* 18 U.S.C. § 924(c)(1)(A). His argument fails because Counts One and Two (the Hobbs Act Counts) do give rise to federal jurisdiction. Count Five therefore has either Count One or Two as the requisite predicate.

**B. William Brown**

Browns adopts Hernandez's Hobbs Act and 18 U.S.C. § 924(c) arguments. For the reasons discussed above, we reject these arguments.

Brown next argues that the District Court abused its discretion in admitting evidence of the victims' pretrial and in-court identification of him. The standard is the same for pretrial identification and in-court identification: "In both cases, the eyewitness testimony will be permitted unless the pretrial identification procedure was so unnecessarily suggestive as to give rise to such a substantial likelihood of irreparable misidentification that admitting the identification testimony would be a denial of due process." *Clausen*, 328 F.3d at 713. This standard presents a two-pronged test. First, a district court must determine whether the photo array was unnecessarily suggestive. *See United States v. Stevens*, 935 F.2d 1380, 1389 (3d Cir. 1991). We review the District Court's prong-one "finding that the [photo array] was not unnecessarily suggestive for clear error." *Id.* at 1390. If the photo array was

5

unnecessarily suggestive, prong two provides that the district court will not suppress the identification unless the array was so suggestive that it resulted in a substantial likelihood of misidentification. *See id*. The District Court did not commit clear error because Brown's argument relates to the police's use of a personal photo, instead of a "mug shot," which is not sufficient to reach the high standard of unnecessarily suggestiveness. *See United States v. Lawrence*, 349 F.3d 109, 115–16 (3d Cir. 2003).

Brown finally argues that the District Court erred in admitting DNA evidence against him because that evidence was "of such marginal statistical significance that its admission unduly prejudiced the jury." Brown's challenge implicates Federal Rule of Evidence 403. Rule 403 states that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues . . .." FED. R. EVID. 403. A district court's decision to admit evidence will be upheld absent abuse of discretion. *E.g.*, *United States v. Kemp*, 500 F.3d 257, 295 (3d Cir. 2007). The District Court did not abuse its discretion because the DNA evidence was highly probative of the government's argument that Brown could not be excluded as a contributor of the DNA sample.

### C. Rasheen Mines

In our discussions above, we have already rejected Mines's three arguments.

### D. Lawrence Johnson

We have already rejected Johnson's Hobbs Act and 18 U.S.C. § 924(c) arguments.

Johnson next argues that the District Court's admission of certain telephone calls made from prison by his co-appellants violated the Confrontation Clause. The District Court did not err in admitting the telephone calls because the government used the statements attributed to Brown, Johnson, and Mines not to demonstrate the truth of anything asserted, but only to rebut their claims that they did not previously know each other and were randomly arrested in Philadelphia that night. *See Tennessee v. Street*, 471 U.S. 409, 414–15 (1985) (stating that an out-of-court statement that a co-conspirator used to impeach the defendant's testimony, rather than to prove the matter asserted, did not violate the Confrontation Clause).

Johnson's penultimate argument is that the government commented improperly on Johnson's failure to testify. Johnson states that there were two instances of improper argument. At trial, Johnson objected only to the second alleged error. We will review the District Court's ruling on the second comment for abuse of discretion because Johnson objected at trial. *See United States v. Brennan*, 326 F.3d 176, 182 (3d Cir. 2003). The plain-error standard, by contrast, will apply to Johnson's first challenge because he did not object at trial. *See id.*

The prosecution is given "considerable latitude" during closing arguments to argue the evidence and to suggest that the jury may draw permissible inferences. *See, e.g., United States v. Green*, 25 F.3d 206, 210 (3d Cir. 1994). The government may not comment on a defendant's failure to testify. *E.g., Griffin v. California*, 380 U.S. 609, 622 (1965). The

7

government is permitted, however, to comment on the uncontradicted nature of particular evidence or a defendant's failure to call a witness or present exculpatory evidence as long as the evidence could have come from another witness. *See United States v. Ashfield*, 735 F.2d 101, 111–12 (3d Cir. 1984).

Johnson first challenges the government's request that the jury consider the "undisputed facts with respect to Lawrence Johnson." The District Court did not plainly err in not *sua sponte* striking the government's comment because the government, following that comment, referred to evidence that came from other witnesses. Johnson's second challenge similarly fails. The government rhetorically asked the jury was there "any evidence that he, that is, Lawrence Johnson, was walking down the street" to see his girlfriend when police arrested him arrested on December 26. Johnson's theory of the case was that this is what he was doing. If this were so, however, Johnson's girlfriend could have testified that she was expecting him.

Finally, Johnson's counsel submits that Johnson asked him to argue that the evidence at trial was insufficient as a matter of law to justify any of his convictions. Counsel, however, stated that his examination of the record convinced him that there is no good-faith basis to make this argument. Johnson's counsel represented that he understood his responsibilities under *Anders v. California*, 386 U.S. 738 (1967), and *United States v. Youla*, 241 F.3d 296 (3d Cir. 2001). We agree that the evidence submitted against Johnson was more than sufficient to support his conviction.

## III. Conclusion

For the reasons set forth above, we will affirm the judgment of the District Court as to each defendant.